**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN LEE PRESSWOOD, individually and on behalf of all others similarly-situated, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO: St. Louis County Cause: 15SL-CC00687-01 |
| v. | ) | |
| PERNIX THERAPEUTICS HOLDINGS, INC. and SOMAXON PHARMACEUTICALS, INC. | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

---

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Pernix Therapeutics Holdings, Inc., ("Pernix") and Defendant Somaxon Pharmaceuticals, Inc. ("Somaxon'') (collectively "Defendants"), by and through its undersigned counsel, Buchanan Ingersoll & Rooney PC, hereby remove this action which has been pending as Case No. 15SL-CC00687 in the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division. In support of its Notice of Removal, Pernix states as follows:

**I. STATEMENT OF THE CASE**

1. Plaintiff Alan Presswood, D.C., P.C., ("Plaintiff" or "Presswood") commenced this action by filing a Class Action Petition ("Petition") on February 25, 2015 in the Circuit Court of St. Louis County, Missouri. The case was docketed as Case No. 15SL-CC00687 (the "State Court Action").

2. Plaintiff filed the Petition against Pernix and Somaxon. Pernix purchased all assets of Somaxon in March of 2012. As of March 2012, the parties, although named separately as Defendants, are no longer distinct entities.[1]

3. Defendant Pernix's registered agent was served with the Petition and Summons on March 16, 2015. A true and correct copy of the Petition is attached hereto as **Exhibit A**.

4. Defendants removed the State Court Action to this Court on April 8, 2015. The case was docketed as Case No. 4:15-cv-00592-NAB.

5. Citing Plaintiff's failure to establish Article III standing, the Court remanded the action to the Circuit Court of St. Louis County, Missouri for lack of subject matter jurisdiction.

6. In an effort to remedy its standing issues, Plaintiff subsequently filed a motion to substitute Alan Lee Presswood in his individual capacity as the named plaintiff in the State Court Action. True and correct copies of the Motion to Substitute Plaintiff and Memorandum in Support, as well as Defendants' opposition thereto, are attached hereto as **Exhibit B**.

7. In an Order dated November 2, 2017, the state court requested submission of proposed orders from the parties on the Motion to Substitute Plaintiff. True and correct copies of the November 2, 2017 Order and the parties' respective proposed orders are attached hereto as **Exhibit C**.

8. In an Order dated March 21, 2018, the state court granted the Motion to Substitute Plaintiff and further granted Plaintiff's request for leave to file an Amended Class Action Petition. A true and copy of the March 21, 2018 Order is attached hereto as **Exhibit D**.

[1] To the extent the parties are considered distinct entities, Pernix may unilaterally remove this action pursuant to 28 U.S.C. § 1453(b) because the Petition purports to assert claims against the Defendants on behalf of a class of plaintiffs.

9. On March 23, 2018, Plaintiff filed an Amended Class Action Petition ("Amended Petition"). A true and correct copy of the Amended Petition and Exhibits is attached hereto as **Exhibit E**.

## II. FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. §§ 1331 and 1332

10. Pursuant to 28 U.S.C. § 1441(a), the State Court Action may be removed to this Court because this Court has original jurisdiction over the action, and because the U.S. District Court for the Eastern District of Missouri is the federal judicial district embracing the Circuit Court of St. Louis County, Missouri, where the State Court Action was originally filed. *See* 28 U.S.C. § 1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Amended Petition alleges a cause of action that Defendants violated the "federal Telephone Consumer Protection Act of 1991…as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227." (Am. Pet. ¶¶ 1, 44-52.) Thus, Plaintiff asserts a claim arising under the laws of the United States. *See Mims v. Arrow Financial Servs., LLC*, 132 S. Ct. 740, 748 (2012) ("[b]ecause federal law creates the right action and provides the rules of decision, . . . [a] TCPA claim, in § 1331's words, plainly arises under the laws . . . of the United States.")

12. In addition, federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

13. Plaintiff was, at the time of the filing of this suit, and is, as of the date of this Notice of Removal, a citizen of Illinois. (Am. Pet. ¶ 7.)

14. Defendant Pernix was, at the time of the filing of this suit, and is, as of this date, a Maryland corporation with its principal place of business in New Jersey. (Am. Pet. ¶ 8.)

15. Defendant Somaxon was acquired by Pernix in March of 2012. However, prior to the acquisition, Somaxon was a Delaware corporation with its principal place of business in California. (Am. Pet. ¶ 9.)

16. There is, therefore, complete diversity of citizenship in this case.

17. Plaintiff seeks $500 for each alleged violation of the TCPA and "to have such damages trebled, as provided by § 227(b)(3) of the Act." (Am. Pet. ¶ 4.) Thus, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

18. Based on the foregoing legal standards and the allegations set forth in the Complaint and herein, this Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

## III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, orders, and documents from the State Court Action that have been served upon Pernix are being filed with this Notice of Removal. Pursuant to Rule 81-2.03 of the Local Rules of the United States District Court of the Eastern District of Missouri, the complete file of the Circuit Court of St. Louis County, Missouri, in this matter is attached to this Notice as **Exhibits A through E**.

20. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the "pleading setting forth the claim for relief upon which such action or proceeding is

based." Defendants were served with a copy of the Amended Petition on March 23, 2018 and are filing this Notice on April 16, 2018. Therefore, removal is timely.

21. The time for Defendants to answer, move, or otherwise plead with respect to the Petition has not yet expired.

22. Because a substantially equivalent complaint was previously filed in this Court as Case No. 4:15-cv-00592-NAB, Defendants respectfully request designation of the Amended Petition as a related case.

23. Pursuant to Local Rule 3-2.02, counsel for Defendants is contemporaneously filing a completed Civil Cover Sheet, an Original Filing Form and a Disclosure of Corporation Interests Certificate.

24. Concurrent with the filing of this Notice, counsel for Defendants is serving this Notice on Plaintiff's counsel and filing a copy of the Notice with the Clerk of the Circuit Court of St. Louis County, Missouri. In accordance with Local Rule 81-2.03, Defendants will file proof of filing the notice with the Clerk of the State Court and proof of service on all adverse parties.

25. Defendants preserve herein any and all other bases for removal of this action to this Court.

**WHEREFORE**, for the reasons stated herein, Defendants are entitled to and hereby do remove this action to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1441.

Respectfully Submitted,

**EVANS & DIXON, L.L.C.**

/s/Sean P. Dolan
James E. Godfrey, Jr., #34388
Sean Dolan, #62849
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
Telephone: (314) 621-7755
Facsimile: (314) 621-3136
jgodfrey@evans-dixon.com
sdolan@evans-dixon.com

Of Counsel
**BUCHANAN INGERSOLL & ROONEY PC**
Craig D. Mills (PA ID #81331)
Andrew G. Hope (PA ID #317932)
Two Liberty Place
50 S. 16th St., Suite 3200
Philadelphia, Pennsylvania 19102
Telephone: (215) 665-8700
Facsimile: (215) 665-8760
Email: craig.mills@bipc.com
Email: andrew.hope@bipc.com

*Attorneys for Defendants*

Dated: April 16, 2018.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on April 16, 2018, I electronically filed Defendants' **Notice of Removal** with the Clerk of the Court using the electronic filing system and sent a copy upon the individuals listed below, in the following manner:

*VIA US MAIL AND E-MAIL*

Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Bwanca@andersonwanca.com
*Attorneys for Plaintiff*

*/s/Sean P. Dolan*