EXHIBIT A

**15SL-CC00687**

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

STATE OF MISSOURI     )
                       )
ST. LOUIS COUNTY     )

### IN THE CIRCUIT COURT OF THE ST. LOUIS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly-situated, | Cause No. _____ |
|      Plaintiff, | Division |
| v. | |
| PERNIX THERAPEUTICS HOLDINGS, INC.,<br>    Serve:  The Corporation Trust Company<br>           820 Bear Tavern Rd<br>           Ewing, NJ 08628-1021<br>           Mercer County | PROCESS SERVER |
| SOMAXON PHARMACEUTICALS, INC.<br>    Serve:  Person In Charge<br>           3721 Valley Centre Drive, Ste 500<br>           San Diego, CA 92130<br>           San Diego County | HOLD SERVICE |
| and | |
| JOHN DOES 1-10, | HOLD SERVICE |
|      Defendants. | |

### CLASS ACTION PETITION

      Plaintiff, ALAN PRESSWOOD, D.C., P.C. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, PERNIX THERAPEUTICS HOLDINGS, INC., SOMAXON PHARMACEUTICALS, INC., and JOHN DOES 1-10 ("Defendants"):

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

**PRELIMINARY STATEMENT**

1.      This case challenges Defendants' practice of sending unsolicited facsimile advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the recipient's prior express invitation or permission ("advertising faxes" or "unsolicited faxes") and without a proper opt out notice.  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients.  An advertising fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  An advertising fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.  An advertising fax consumes a portion of the limited capacity of the telecommunications infrastructure serving the victims of advertising faxing.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion and Missouri consumer and fraud and deceptive business practices act Chapter 407.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

## JURISDICTION AND PARTIES

6.     This court has personal jurisdiction over Defendants because Defendants transacts business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri.

7.     Plaintiff ALAN PRESSWOOD, D.C., P.C., is a Missouri professional corporation with its principal place of business in Missouri.

8.     On information and belief, Defendant, PERNIX THERAPEUTICS HOLDINGS, INC., is a corporation with its principal place of business in Mercer County, New Jersey.

9. On information and belief, Defendant, PERNIX THERAPEUTICS HOLDINGS, INC., has its corporate headquarters located at 10 North Park Place, Suite 201, Morristown, New Jersey 07960.

10. On information and belief, Defendant, PERNIX THERAPEUTICS HOLDINGS, INC., purchased Somaxon Pharmaceuticals, Inc. on or about March 6, 2013.

11. On information and belief, Defendant, SOMAXON PHARMACEUTICALS, INC., was a corporation with its principal place of business in San Diego County, California.

12. On information and belief, Defendant, SOMAXON PHARMACEUTICALS, INC., corporate headquarters was located at 3721 Valley Centre Drive, Suite 500, San Diego, California 92130.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

13. On information and belief, Defendant, SOMAXON PHARMACEUTICALS, INC., was purchased by PERNIX THERAPEUTICS HOLDINGS, INC. on or about March 6, 2013.

14.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

## RELEVANT FACTS

15.     On or about the dates of April, 2011, Defendants sent 2 unsolicited facsimiles to Plaintiff in Missouri.  A true and correct copy of the facsimiles are attached as Exhibits A – B (excluding any handwritten notations).

16.     The transmissions sent to Plaintiff on or about April 2011 constitutes material advertising the commercial availability of any property, goods or services.

17.     On information and belief, Defendant has sent other facsimile transmissions of material advertising the commercial availability of property, goods, or services to many other persons as part of a plan to broadcast fax advertisements, of which Exhibits A – B are examples.

18.     Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by  (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

19.     Defendants created or made Exhibits A – B and other fax advertisements, which Defendants distributed to Plaintiff and the other members of the class.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

20.     Exhibits A – B and the other facsimile advertisements are a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

21.     Exhibits A – B and the other facsimile advertisements constitute material furnished in connection with Defendants' work or operations.

22.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements.

23.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

24.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

25.     The transmission of facsimile advertisements, including Exhibits A – B, to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C) and/or 47 C.F.R. 64.1200(a)(3).

26.     On information and belief, Defendants sent multiple facsimile advertisements to Plaintiff and members of the proposed classes throughout the time period covered by the class definitions.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

27.     On information and belief, Defendants faxed the same and other facsimile advertisements to the members of the proposed classes in Missouri and throughout the United States without first obtaining the recipients' prior express permission or invitation.

28.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unlawful faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

29.     Defendants knew or should have known that:    (a)  facsimile advertisements, including Exhibits A – B were advertisements; (b) Plaintiff and the other members of the class had not given their prior permission or invitation to receive facsimile advertisements; (c) No established business relationship existed with Plaintiff and the other members of the class; and (d) Defendants did not display a proper opt out notice.

30.     Defendants engaged in the transmissions of facsimile advertisements, including Exhibits A – B believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

31.     Defendants did not intend to send transmissions of facsimile advertisements, including Exhibits A – B to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

32.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of facsimile advertisements, including Exhibits A – B both to others in general, and specifically to Plaintiff.

33.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class caused destruction of Plaintiff's property.

34.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' exclusive use of their property.

35.     The transmissions of facsimile advertisements, including Exhibits A – B to Plaintiff and other members of the class interfered with Plaintiff's and other members of the class' business and/or personal communications.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

36.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

37.     Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent by or on behalf of Defendants any telephone facsimile transmissions of material making known the commercial existence of, or making qualitative statements regarding any property, goods, or services (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, (4) with whom Defendants does not have an established business relationship or (5) which did not display a proper opt out notice.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

38.     A class action is warranted because:

a.      On information and belief, the class includes more than forty persons and is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

i.      Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether Exhibits A – B and other faxes transmitted by or on behalf of Defendant contain material advertising the commercial availability of any property, goods or services;

iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibits A – B and other unsolicited faxed advertisements;

v.      Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

vi.     Whether Defendants violated the provisions of 47 USC § 227;

vii.    Whether Plaintiff and the other class members are entitled to statutory damages;

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

viii.    Whether Defendants knowingly violated the provisions of 47 USC § 227;

ix.    Whether Defendants should be enjoined from faxing advertisements in the future;

x.    Whether the Court should award trebled damages; and

xi.    Whether Exhibits A – B and the other fax advertisements sent by or on behalf of Defendants displayed the proper opt out notice required by 64 C.F.R. 1200.

c.    Plaintiff's claims are typical of the other class members.

d.    Plaintiff will fairly and adequately protect the interests of the other class members.   Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.   Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.    A class action is the superior method for adjudicating this controversy fairly and efficiently.   The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

39.    Plaintiff will fairly and adequately protect the interests of the other class members.   Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.   Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

40.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

41.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227(b)(1).

42.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission."  47 U.S.C. § 227(a)(4).

43.    The TCPA provides:

> Private right of action.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)    Both such actions.

44.    The Court, in its discretion, may treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

45.    The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other class members even if their actions were only negligent.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

46.     Defendants' actions caused damages to Plaintiff and the other class members.  Receiving Defendants' advertising faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.  Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine.  Defendants' faxes cost Plaintiff time, as Plaintiff and/or its employees wasted their time receiving, reviewing and routing Defendants' unlawful faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

47.     Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to interfere with recipients' fax machines or consume the recipients' valuable time with Defendants' advertisements.

48.     If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227(b)(3).

49.     Defendants knew or should have known that: (A) Plaintiff and the other class members had not given express permission or invitation for Defendants or anyone else to fax advertisements about Defendants' goods or services, (B) Defendants did not have an established business relationship with Plaintiff and the other members of the class, (C) Exhibits A – B and the other facsimile advertisements were advertisements,

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

and (D) Exhibits A – B and the other facsimile advertisements did not display the proper opt out notice.

50.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibits A – B and the other facsimile advertisements hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation and not displaying the proper opt out notice required by 64 C.F.R. 1200.

51.     Defendants knew or should have known that:  (a) documents Exhibits A – B and the other facsimile advertisements were advertisements; (b) Defendants did not obtain prior permission or invitation to send facsimile advertisements, including Exhibits A – B; (c) Defendants did not have an established business relationship with Plaintiff or the other members of the class and (d) Exhibits A – B and the other facsimile advertisements did not display a proper opt out notice.

52.     Defendants engaged in the transmissions of documents Exhibits A – B and the other facsimile advertisements believing such transmissions were legal based on Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

53.     Defendants did not intend to send transmissions of documents Exhibits A – B and the other facsimile advertisements to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of documents Exhibits A – B and the other facsimile advertisements were sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Defendants' own understanding of the law and/or based on the representations of others on which Defendants reasonably relied.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

54.     Defendants failed to correctly determine the legal restrictions on the use of facsimile transmissions and the application of those restrictions to the transmission of documents Exhibits A – B and the other facsimile advertisements both to others in general, and specifically to Plaintiff.

55.     Defendants' actions caused damages to Plaintiff and the other class members, because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.  Finally, the injury and property damage sustained by Plaintiff and the other members of the class occurred outside of Defendants' premises.  Pursuant to law, Plaintiff, and each class member, instead may recover $500 for each violation of the TCPA.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

B.      That the Court award between $500.00 and $1,500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting the Defendants from engaging in the statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and proper.

E.      That the Court award pre-judgment and post-judgment interest at the statutory rate of 9%.

**COUNT II**
**CONVERSION**

56.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 51.

57.     In accordance with Mo. S. Ct. Rule 52.08, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

58.     A class action is proper in that:

a.      On information and belief the class is so numerous that joinder of all members is impracticable.

b.      There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

      i.     Whether Defendants engaged in a pattern of sending unsolicited faxes;

      ii.     Whether Defendants sent faxes without obtaining the recipients' prior express permission or invitation of the faxes;

      iii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – B and other unsolicited faxes;

      iv.     Whether Defendants committed the tort of conversion; and

      v.     Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

c.     Plaintiff's claims are typical of the other class members.

d.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.     A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

59.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

60.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

61.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendants also converted Plaintiff's employees' time to Defendants' own use.

62.     Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machine, paper, toner, and employee time.

63.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use.  Such misappropriation was wrongful and without authorization.

64.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

65.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiff and each class member thereby suffered damages as a result of the sending of unsolicited fax advertisements from Defendants.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

66.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unlawful faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

67.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machines for Defendants' unlawful purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award costs of suit; and

D.     Awarding such further relief as the Court may deem just and proper.

### COUNT III

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

## MISSOURI CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### Chapter 407

68.     Plaintiff incorporates Paragraphs 3 and 4, 10, 13 – 16, 21 – 23 and 25 – 30 as for its paragraph 63.

69.     In accordance with Chapter 407, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons who on or after four years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants with respect to whom Defendants cannot provide evidence of prior express permission or invitation.

70.     A class action is proper in that:

a.     On information and belief the class consists of over 40 persons in Missouri and throughout the United States and is so numerous that joinder of all members is impracticable.

b.     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

i.     Whether Defendants engaged in a pattern of sending unsolicited faxes;

ii.     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibits A – B and other unsolicited faxes;

18

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

        iii.      Whether Defendants' practice of sending unsolicited faxes violates Missouri public policy;

        iv.      Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Missouri Merchandising Practices Act (MMPA), Chapter 407 RSMO; and

        v.      Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

        vi.

c.      Plaintiff's claims are typical of the other class members.

d.      Plaintiff will fairly and adequately protect the interests of the other class members.   Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.   Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

e.      A class action is the superior method for adjudicating this controversy fairly and efficiently.   The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

71.     Plaintiff will fairly and adequately protect the interests of the other class members.   Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices.   Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

72.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.   The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

73.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return.   Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

74.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

75.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

76.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner consumed as a result.   Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' unlawful purpose.   Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unlawful faxes and that time otherwise would have been spent on Plaintiff's business activities.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

WHEREFORE, Plaintiff, ALAN PRESSWOOD, D.C., P.C., individually and on behalf of all others similarly situated, demand judgment in its favor and against Defendants, PERNIX THERAPEUTICS HOLDINGS, INC. and JOHN DOES 1-10, as follows:

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.      That the Court award damages to Plaintiff and the other class members;

C.      That the Court award treble damages to Plaintiff and the other class members for knowing violations of the TCPA;

D.      That the Court declare that Defendants' conduct violated the TCPA and that this action is just and proper;

E.      That the Court award damages for conversion of the plaintiffs and the class for violation of their rights;

F.      That the Court award damages and attorney fees for violation of Chapter 407;

G.      That the Court award attorney fees and costs;

H.      That the Court award all expenses incurred in preparing and prosecuting these claims;

I.      That the Court enter an injunction prohibiting Defendants from sending faxed advertisements; and

J.      Awarding such further relief as the Court may deem just and proper.

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

Respectfully submitted,


\_\_\_\_\_/s/ Max G. Margulis\_\_\_\_\_
Max G. Margulis, #24325
**MARGULIS LAW GROUP**
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 – Residential
F:  (636) 536-6652 – Residential
E-Mail: MaxMargulis@MargulisLaw.com
*Attorneys for Plaintiff*


Of Counsel
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Phone:  (847) 368-1500
Fax:  (847) 368-1501
E-Mail: bwanca@andersonwanca.com

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

# Managing Sleep Maintenance Insomnia:

## The Role of Silenor® (doxepin) tablets, A Potent H₁ Receptor Antagonist

HOSTED BY
Christian LeClair
Somaxon Pharmaceuticals

Please register by visiting
http://registration.somaxonbureau.com

**Thursday, April 28, 2011**
6:30PM

FOR A PRESENTATION BY:
**Paula Schweitzer, PhD**
Sleep Medicine & Research Center of St. Lukes Hospital
Chesterfield, Missouri

Stoney River
377 Chesterfield Center East
Chesterfield, MO 63017

Silenor is indicated for the treatment of insomnia characterized by difficulty with sleep maintenance.

**Disclosure**
**In adherence with PhRMA guidelines, spouses or other guests are not permitted to attend this program.**

Somaxon



**Silenor®**
doxepin tablets
"A path to more sleep"

# EXHIBIT A

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM



# Managing Sleep Maintenance Insomnia:
## The Role of Silenor® (doxepin) tablets,
## A Potent H₁ Receptor Antagonist

**PROGRAM AGENDA**

6:30 PM   Registration

7:00 PM   Welcome and Introduction

7:15 PM   Presentation and Dinner

8:15 PM   Question and Answer Session

8:30 PM   Conclusion

**IMPORTANT SAFETY INFORMATION**

Silenor is contraindicated in individuals who have shown hypersensitivity to doxepin HCl, any of its inactive ingredients, or other doxepin products. Serious side effects have been rarely reported following the concomitant use of certain drugs with MAO inhibitors (MAOIs). Do not administer Silenor if patient is currently on MAOIs or has used MAOIs within the past two weeks. The exact length of time may vary depending on the particular MAOI dosage and duration of treatment.

Silenor is contraindicated in individuals with untreated narrow angle glaucoma or severe urinary retention.

The failure of insomnia to remit after 7 to 10 days of treatment may indicate the presence of a primary psychiatric and/or medical illness that should be evaluated.

Complex behaviors such as "sleep-driving" (i.e. driving while not fully awake after ingestion of a hypnotic, with amnesia for the event) have been reported with hypnotics. These events can occur in hypnotic-naïve as well as in hypnotic-experienced persons. Although behaviors such as "sleep-driving" may occur with hypnotics alone at therapeutic doses, the use of alcohol or other central nervous system depressants with hypnotics appears to increase the risk of such behaviors, as does the use of hypnotics at doses exceeding the maximum recommended dose. Due to the risk to the patient and the community, discontinuation of Silenor should be strongly considered for patients who report a "sleep-driving" episode. Other complex behaviors (i.e. preparing and eating food, making phone calls, or having sex) have been reported in patients who are not fully awake after taking a hypnotic. As with "sleep-driving," patients usually do not remember these events. Amnesia, anxiety and other neuro-psychiatric symptoms may occur unpredictably.

Patients should not consume alcohol with Silenor. Patients should be cautioned about potential additive effects of Silenor used in combination with other depressants or sedating antihistamines.

The primarily depressed patients, worsening of depression, including suicidal thoughts and actions (including completed suicides), has been reported in association with the use of hypnotics. Doxepin, the active ingredient in Silenor, is an antidepressant at doses (10- to 300-fold higher than in Silenor. Antidepressants increased the risk compared to placebo for suicidal thinking and behavior in children, adolescents and young adults in short-term studies of major depressive disorder (MDD) and other psychiatric disorders. Risk from the lower dose of doxepin in Silenor cannot be excluded.

Patients should not take Silenor unless they are prepared to get a full night's sleep. After taking Silenor, patients should confine their activities to those necessary to prepare for bed. Patients should avoid engaging in hazardous activities, such as operating a motor vehicle or heavy machinery, at night after taking Silenor, and should be cautioned about potential impairment in the performance of such activities that may occur the day following ingestion.

For faster onset and to minimize the potential for next-day effects, Silenor should not be taken within 3 hours of a meal.

In clinical trials, the most common treatment-emergent adverse reaction was somnolence/sedation.

Silenor has not been studied in pregnant women. Silenor is excreted in human milk after oral administration. Silenor is not approved for use in children.



Silenor®
doxepin tablets

A path to more sleep

Somaxon®
PHARMACEUTICALS

# EXHIBIT A

Electronically Filed - St Louis County - February 25, 2015 - 12:12 PM

# Managing Sleep Maintenance Insomnia:
## The Role of Silenor® (doxepin) tablets, A Potent H₁ Receptor Antagonist

PRESENTED BY
**Christoph LeClair**
Somaxon Pharmaceuticals

Please register by contacting Christoph
http://registration.somnomics.com
and entering event code: 635-45
RSVP deadline is 7:00 pm EST

**Thursday, April 28, 2011**
6:00 PM

FOR A PRESENTATION BY:
**Paula Schweitzer, PhD**
Sleep Medicine & Research Center of St. Lukes Hospital
Chesterfield, Missouri

Stoney River
377 Chesterfield Center East
Chesterfield, MO 63017

Silenor is indicated for the treatment of insomnia characterized by difficulty with sleep maintenance.

**Disclosure**
In adherence with PhRMA guidelines, spouses or other guests are not permitted to attend this program.

Somaxon®

**Silenor®**
doxepin tablets
A path to more sleep.

**EXHIBIT B**

Electronically Filed - St Louis County - April 06, 2015 - 04:19 PM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | **Case Number: 15SL-CC00687** |
| Plaintiff/Petitioner:<br>ALAN PRESSWOOD, D.C., P.C.<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MAX GEORGE MARGULIS<br>28 OLD BELLE MONTE ROAD<br>CHESTERFIELD, MO 63017 |
| Defendant/Respondent:<br>PERNIX THERAPEUTICS HOLDINGS, INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Injunction | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  PERNIX THERAPEUTICS HOLDINGS, INC
**Alias:**
**THE CORPORATION TRUST COMPANY**
**820 BEAR TAVERN RD**
**EWING, NJ 08628-1021**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

__09-MAR-2015__
Date
Further Information:
TLC

_____
Clerk

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Special Process Server_ of _Mercer_ County, _NJ_ (state).
3. I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _Lysette Rivera_ (name) _customer service specialist_ (title).
   ☐ other (describe)
Served at _820 Bear Tavern Rd., Ewing_ (address)
in _Mercer_ County, _NJ_ (state), on _3/16/15_ (date) at _1:45 pm_ (time).
_Glenn Burroughs_
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and Sworn To me before this** _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**LOUISE M. HAHN**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 7/24/2019**

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ ____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and officer making return on service of summons.